Igor Harris (SBN 335884)
Sentinel Law Group
4645 Cass St Ste 102B
San Diego, CA 92109
Telephone: 858-289-2742
Email: igor@harrislawsd.com
Attorney for Plaintiffs (*Pro Hac Vice Application Pending*)

Rebecca Swaintek-Green, Esq.
Pennsylvania Bar ID: 329749
Swaintek-Green Law, LLC
841 E Fort Ave #242
Baltimore, MD 21230
Phone: 443-402-8080
becca@swaintek-green.com
*(Local Counsel)*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Karyna KLOCHKOVA and Oleksii KLOCHKOV,

Plaintiffs,

v.

Markwayne MULLIN, Secretary, Department of Homeland Security; Joseph B. EDLOW, Director, U.S. Citizenship and Immigration Services; Michael CATALANO, Field Office Director, Philadelphia Field Office, U.S. Citizenship and Immigration Services; *in their official capacities*; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants.

CASE NO.: 2:26-CV-6996

**COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY RELIEF, AND RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

# COMPLAINT

Plaintiffs Karyna Klochkova and Oleksii Klochkov, by and through undersigned counsel, allege as follows:

## INTRODUCTION

1. This is an action to compel Defendants to decide two applications for adjustment of status before the statute that makes them possible expires. Plaintiffs' eligibility terminates by operation of law in eighteen days.

2. Plaintiff Karyna Klochkova is a national of Ukraine, selected in the DV-2026 Diversity Visa Program under case number 2026EU00035315, regional rank number 35,315. Plaintiff Oleksii Klochkov is her husband and a derivative applicant on her selection under 8 U.S.C. § 1153(d). His eligibility rises and falls entirely with hers.

3. The Department of State issued the Visa Bulletin for September 2026 on August 10, 2026, moving the Europe cut-off from 29,000 to 47,500 and making Ms. Klochkova's rank current for the first and only time in the fiscal year. USCIS received their complete applications on August 31, 2026, accepted them, and took their fees. Nothing remains for Plaintiffs to do.

4. Since then Defendants have done nothing. They have not scheduled the adjustment of status interview their own process requires. They have not issued a Request for Evidence, a Notice of Intent to Deny, a biometrics notice, or a paper receipt notice. They have asked Plaintiffs for nothing and told them nothing. No agency policy explains the silence: the hold that USCIS had imposed on Diversity Visa adjustments was vacated on August 28, 2026, three days before these applications were received. *Medani v. Trump*, No. 5:26-cv-06332-EJD, 2026 LX 491827 (N.D. Cal. Aug. 28, 2026). Defendants are free to decide and have not decided.

5. The consequence is not delay but extinguishment. Under 8 U.S.C. § 1154(a)(1)(I)(ii)(II), a selectee "shall remain eligible to receive such visa only through the end of the specific fiscal year for which they were selected." At the close of September 30, 2026 the DV-2026 numbers

cease to exist and no court can restore them. Plaintiffs do not ask this Court to order Defendants to approve their applications, and do not ask it to order the reservation or issuance of a visa number after September 30, 2026. They ask only that Defendants be ordered to decide, on the record before them, while a decision still means something.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act, 5 U.S.C. §§ 701 through 706.

7. This Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs, and under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 702, and 706(1), to compel agency action unlawfully withheld or unreasonably delayed. It may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 and injunctive relief under 5 U.S.C. § 706 and its inherent equitable powers.

8. Venue is proper under 28 U.S.C. § 1391(e)(1). Plaintiffs reside at 68201 Delaire Landing Road, Apartment 201, Philadelphia, Pennsylvania 19114, in Philadelphia County, within this District. The USCIS Philadelphia Field Office, 1600 Callowhill Street, Philadelphia, Pennsylvania, whose published jurisdiction includes Philadelphia County, is the office charged with adjudicating these applications. Defendants are officers and agencies of the United States acting in their official capacities.

9. No statute precludes review. 8 U.S.C. § 1252(a)(2)(B)(ii) withdraws jurisdiction only over a decision or action "the authority for which is specified under this subchapter to be in the discretion of the Attorney General." By its terms the bar reaches only discretion that the statute itself specifies. No provision of the Immigration and Nationality Act commits to the discretion of

the Secretary or the Attorney General the question whether to decide an application at all. Plaintiffs challenge Defendants' failure to render any decision, not the substance of a decision Defendants have never made.

10. Nor is this a case about the pace of an ongoing process. Congress fixed the date on which these applications cease to be capable of being granted. 8 U.S.C. § 1154(a)(1)(I)(ii)(II). A failure to decide before September 30, 2026 is not a deferral of the benefit to some later time when it may be obtained. It is the loss of the benefit, accomplished without adjudication, without notice of any ground, and without any avenue of administrative or judicial review of the merits. Where the statute itself converts inaction into permanent denial, review of that inaction is not review of a discretionary judgment committed to the agency. It is the only review there will ever be.

11. Courts in this District have held that the absence of a deadline does not convert a mandatory duty into a discretionary one. *Jane Doe #1 v. Mayorkas*, No. 5:21-cv-02430-JMG (E.D. Pa. Oct. 28, 2021); *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007).

12. Plaintiffs have no administrative remedy to exhaust. There is no administrative appeal from, and no motion to reopen, a decision that has never been made. USCIS's expedite process is discretionary, confers no entitlement, and commits the agency to no timeline. Ms. Klochkova asked a United States Senator's office to intervene on September 8, 2026 and the office submitted an inquiry to USCIS on September 9, 2026. No response has been communicated to Plaintiffs. Nothing further Plaintiffs can ask of the agency will produce a decision on a date certain, and a date certain is the only thing that preserves the benefit.

**PARTIES**

13. Plaintiff Karyna Klochkova is a national of Ukraine, born July 11, 2002, residing at 68201 Delaire Landing Road, Apartment 201, Philadelphia, Pennsylvania 19114. She is the DV-2026 selectee under case number 2026EU00035315, chargeable to Ukraine, and bears

A-Number A231 674 374. She was paroled into the United States on May 19, 2022 and has not departed since. Her Form I-485 was received by USCIS on August 31, 2026, receipted under number MSC2690371412, and is pending.

14. Plaintiff Oleksii Klochkov is a national of Ukraine, born March 6, 2000, residing at the same address. He is Ms. Klochkova's spouse and a derivative applicant on her selection under 8 U.S.C. § 1153(d). He bears A-Number A231 674 372. He was paroled into the United States on May 19, 2022 and has not departed since. His Form I-485 was received by USCIS on August 31, 2026, receipted under number MSC2690371413, and is pending.

15. Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security, sued in his official capacity. He is charged by 8 U.S.C. § 1103(a) with the administration and enforcement of the immigration laws.

16. Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services, sued in his official capacity. He is responsible for the adjudication of applications for adjustment of status.

17. Defendant Michael Catalano, or his successor in office, is the Field Office Director of the USCIS Philadelphia Field Office, sued in his official capacity. To the extent another individual holds that office, that individual is automatically substituted under Federal Rule of Civil Procedure 25(d), and this Defendant may in any event be designated by official title under Federal Rule of Civil Procedure 17(d). The Philadelphia Field Office exercises jurisdiction over Philadelphia County and is the office that will adjudicate Plaintiffs' applications.

18. Defendant U.S. Citizenship and Immigration Services is the agency charged with adjudicating Plaintiffs' applications and is an “agency” within the meaning of 5 U.S.C. § 551(1).

19. Defendant U.S. Department of Homeland Security is the cabinet department of which USCIS is a component and is an “agency” within the meaning of 5 U.S.C. § 551(1).

/ / /

/ / /

## STATUTORY AND REGULATORY FRAMEWORK

**A. The Diversity Visa Program Runs on a Fixed and Unextendable Annual Clock.**

20. Congress created the Diversity Visa Program at 8 U.S.C. § 1153(c), making a limited number of immigrant visas available each fiscal year by random selection among nationals of countries with historically low rates of immigration to the United States. Numbers are allocated on a fiscal-year basis and are issued "strictly in a random order established by the Secretary of State for the fiscal year involved." 8 U.S.C. § 1153(e)(2). Unused numbers do not carry over.

21. Selectees "shall remain eligible to receive such visa only through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II). The federal fiscal year ends on September 30, so the DV-2026 year ends September 30, 2026.

22. A derivative spouse is entitled to "the same status, and the same order of consideration" as the principal. 8 U.S.C. § 1153(d). A derivative's eligibility depends wholly on the principal's and terminates with it on the same date.

**B. A Selectee Cannot File Until Her Rank Number Becomes Current.**

23. The Department of State publishes a monthly Visa Bulletin setting, by region, the rank cut-off below which a number is available. USCIS's published guidance provides that "[a]s soon as a monthly Visa Bulletin is published, anyone with a lower rank number than the rank cut-off number shown in Section C is eligible to file for adjustment of status," and that "[a] Diversity Immigrant-based adjustment application cannot be adjudicated until a visa can be allocated."

24. A selectee whose rank becomes current late in the fiscal year therefore has a correspondingly short period in which both to file and to be adjudicated. That period is fixed by the operation of the program and is not within the selectee's control.

**C. USCIS Must Decide an Application Filed With It.**

25. 8 U.S.C. § 1255(a) authorizes the Secretary to adjust the status of an eligible applicant. 8 C.F.R. § 245.2(a)(5) provides that "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial," a regulation that presupposes and requires a decision. 5 U.S.C. § 555(b) provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."

26. The outcome of an adjustment application is discretionary. Whether to reach an outcome at all is not. *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007) ("while USCIS has broad discretion to grant or deny an application for permanent residency, it has a non-discretionary duty to make some decision on the application"); *Karimushan v. Chertoff*, No. 07-2995, 2007 U.S. Dist. LEXIS 92545, at *9 (E.D. Pa. Dec. 17, 2007) ("the agency has no discretion over whether to render a decision on the application"); *Jane Doe #1 v. Mayorkas*, No. 5:21-cv-02430-JMG (E.D. Pa. Oct. 28, 2021) ("[t]he absence of a specified deadline within which action must be taken does not change the nature of USCIS' obligation from one that is ministerial and mandatory to a matter within the agency's discretion").

27. USCIS's own process for a diversity visa adjustment applicant includes an interview at a field office. Scheduling that interview is a step only Defendants can take, and it is a step Defendants have not taken for either Plaintiff.

**D. The Hold on Diversity Visa Adjustments Has Been Vacated.**

28. On December 19, 2025 USCIS issued Policy Memorandum PM-602-0193, which directed officers to place a hold on all pending Diversity Visa adjustment applications and prohibited any final adjudication during the hold, with no end date. On August 28, 2026, in *Medani v. Trump*, No. 5:26-cv-06332-EJD, 2026 LX 491827 (N.D. Cal. Aug. 28, 2026), the court certified under Federal Rule of Civil Procedure 23(b)(2) a nationwide class of FY-2026 selectees and derivatives subject to that hold, temporarily vacated the memorandum pending further litigation, ordered USCIS to take all reasonable steps during the remainder of the fiscal

year to resume ordinary adjudication of pending adjustment applications without applying the hold, and set a joint status report for September 18, 2026. The order fixes no deadline for any individual applicant.

29. USCIS received Plaintiffs' applications three days after that vacatur. Plaintiffs do not allege that PM-602-0193 is the reason no decision has issued. They allege that no reason has been given and that none exists.

## STATEMENT OF FACTS

30. Plaintiffs were paroled into the United States on May 19, 2022. Ms. Klochkova's Form I-94 arrival record number is 863792023A2 and Mr. Klochkov's is 863791657A2. Neither has departed the United States since arriving.

31. On May 3, 2025 the Department of State's Kentucky Consular Center notified Ms. Klochkova that she had been randomly selected for further processing in the Diversity Immigrant Visa Program for fiscal year 2026, under case number 2026EU00035315, chargeable to Ukraine. The notice advised her that the program year runs from October 1, 2025 through September 30, 2026.

32. On September 26, 2025 Ms. Klochkova submitted her Form DS-260 to the Kentucky Consular Center, listing Mr. Klochkov as a derivative applicant.

33. On December 17, 2025 the Department of State wrote to Ms. Klochkova about her intention to adjust status with USCIS. The letter states that “the adjustment of status process must be completed by September 30, 2026” and that she “cannot get any benefit from [her] DV selection after that date.” It adds that her spouse “must apply for and be issued immigrant visas while they are available and before the DV-2026 program ends on September 30, 2026” and “will not be eligible for this program as [her] derivative beneficiar[y] after that date.”

34. Ms. Klochkova paid the Department of State's diversity visa processing fee of $330.00 per person. On August 12, 2026 the Kentucky Consular Center emailed her the DV Fee Paid Receipt.

35. The Visa Bulletin for August 2026 set the Europe cut-off at 29,000. Ms. Klochkova's rank of 35,315 was above it and Plaintiffs could not file. The Department of State issued the Visa Bulletin for September 2026 on August 10, 2026, setting the Europe cut-off at 47,500. Her rank fell below it. September 2026, the last month of the fiscal year, was the first and only month in which Plaintiffs were eligible to file, and August 10, 2026 was the first date on which they were permitted to do so.

36. That bulletin states that "[e]ntitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected," that "[t]he year of entitlement for all applicants registered for the DV-2026 program ends as of September 30, 2026," that "DV visas may not be issued to DV-2026 applicants after that date," and that "DV visa availability through the very end of FY-2026 cannot be taken for granted. Numbers could be exhausted prior to September 30."

37. On August 31, 2026 USCIS received a complete Form I-485 for each Plaintiff, filed under the Diversity Visa Program classification and based on Ms. Klochkova's selection. The filings included Plaintiffs' Forms I-94 and entry documents, copies of their passports, their Forms I-693 medical examination sealed by a USCIS-designated civil surgeon, their birth certificates, their marriage certificate, certified translations where required, the DV fee receipt, the selection notice, and the other documents required in support of an adjustment application.

38. The USCIS Case Status Online page for Ms. Klochkova's application states: "On August 31, 2026, we received your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC2690371412, and sent you the receipt notice that describes how we will process your case."

39. USCIS accepted both filings. On September 3, 2026 it charged Ms. Klochkova's bank account two filing fees of $1,440.00 each. The USCIS lockbox debits payment only after accepting a filing for processing; a rejected filing is returned with the payment undeposited. On September 8, 2026 Plaintiffs received two lockbox emails confirming acceptance, giving receipt numbers MSC2690371412 and MSC2690371413.

40. As of the filing of this Complaint USCIS has not issued a paper Form I-797C, Notice of Action, for either application.

41. Nothing in either application is incomplete. USCIS has not rejected either filing, has not issued a Request for Evidence or a Notice of Intent to Deny, has not scheduled biometrics, has not scheduled an interview, and has not requested anything further from either Plaintiff. Nothing is outstanding from Plaintiffs, and Defendants have identified no policy, and since August 28, 2026 no policy has existed, that prevents them from deciding.

42. On September 8, 2026 Ms. Klochkova wrote to the office of United States Senator David McCormick, explaining that the DV-2026 program ends on September 30, 2026 and asking the office to request that USCIS expedite the applications or schedule an interview before that date. On September 9, 2026 she provided a signed privacy release, a casework intake form, a supporting letter, and copies of the USCIS receipt emails. Later that day the office informed her that it had submitted an inquiry to USCIS. No response from USCIS has been communicated to Plaintiffs.

43. As of the filing of this Complaint, **eighteen days** remain before Plaintiffs' eligibility is extinguished by operation of law, and Defendants have not taken the first step toward a decision on either application.

44. Defendants are aware of that deadline. It appears in the Department of State's Visa Bulletin, in the notice advising Ms. Klochkova of her selection, in the Department of State's letter of December 17, 2025, and in USCIS's own published guidance to selectees.

45. Plaintiffs have suffered and continue to suffer harm from Defendants' inaction, including the imminent and permanent loss of the opportunity to become lawful permanent residents, the loss of the fees they have paid, and prolonged uncertainty as to their ability to remain in the United States with their United States citizen child. They cannot cure it by filing again. Selection is by random lottery among millions of entrants, and if the DV-2026 numbers expire Ms. Klochkova must be selected anew in a future lottery, an event over which she has no control and to which she has no entitlement. Mr. Klochkov has no independent path through the program at all.

## CLAIMS FOR RELIEF

## COUNT I

### Writ of Mandamus, 28 U.S.C. § 1361

46. Plaintiffs reallege and incorporate by reference each preceding paragraph.

47. Mandamus under 28 U.S.C. § 1361 requires that the plaintiff have a clear right to relief, that the defendant have a clear nondiscretionary duty to act, and that no other adequate remedy be available. *Stanley v. Hogsten*, 277 F. App'x 180, 181 (3d Cir. 2008) (citing *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984)).

48. Plaintiffs have a clear right to a decision. They are a diversity visa selectee and her derivative spouse who filed complete applications within three weeks of the first moment a visa number was available to her rank, paid every required fee, and submitted every required document.

49. Defendants have a clear, nondiscretionary duty to decide the applications before them. 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(5); 5 U.S.C. § 555(b). The duty is one of decision, not of any particular result, and the absence of a regulatory deadline does not make it discretionary.

*Jane Doe #1 v. Mayorkas*, No. 5:21-cv-02430-JMG (E.D. Pa. Oct. 28, 2021); *Karimushan v. Chertoff*, No. 07-2995 (E.D. Pa. Dec. 17, 2007).

50. No other adequate remedy exists. There is no administrative appeal from a non-decision. The agency's expedite process is discretionary and guarantees nothing. The classwide order in *Medani* imposes no individual deadline and may not reach applications received after the vacatur it entered. The sole remaining avenue is this Court.

51. Plaintiffs are entitled to a writ compelling Defendants to adjudicate both Forms I-485 on or before a date certain preceding September 30, 2026.

**COUNT II**

**Unreasonable Delay and Agency Action Unlawfully Withheld**

**5 U.S.C. §§ 555(b) and 706(1)**

52. Plaintiffs reallege and incorporate by reference each preceding paragraph.

53. The APA requires each agency to "conclude a matter presented to it" "within a reasonable time," 5 U.S.C. § 555(b), and directs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

54. Adjudication of a filed Form I-485 is a discrete agency action that Defendants are legally required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); see *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007).

55. The Court of Appeals measures agency delay by four considerations: the length of time elapsed since the agency came under a duty to act; the reasonableness of the delay in the context of the statute authorizing the agency's action; the consequences of the delay; and any plea of administrative error, inconvenience, practical difficulty, or need to prioritize among limited resources. *Oil, Chemical & Atomic Workers Union v. Occupational Safety & Health Administration*, 145 F.3d 120, 123 (3d Cir. 1998).

56. The second consideration governs this case. Reasonableness is measured against the time the statute allows, not against an abstract average. Congress did not leave the pace of adjudication of a diversity visa application to the agency's convenience; it fixed the outer boundary of the agency's power to act. 8 U.S.C. §§ 1153(e)(2), 1154(a)(1)(I)(ii)(II). The entire period in which Defendants may lawfully act is the interval between the date Ms. Klochkova's rank became current and September 30, 2026. Defendants have consumed most of it and will consume all of it.

57. The elapsed time is short only in absolute terms, and absolute terms are the wrong measure. Plaintiffs do not allege that Defendants have been slow by the standard of an ordinary adjustment application, which USCIS may take a year or more to decide. They allege that the statute gave Defendants a single month and that Defendants have spent it without beginning the process that leads to a decision. A delay that consumes the whole of the time the law allows is unreasonable however brief it looks on a calendar.

58. The third and fourth considerations point the same way. The consequence of the delay is the permanent loss of lawful permanent residence, which no later decision can repair. Against that, Defendants have no plea of administrative difficulty to make: they are not awaiting evidence, because they have requested none; not completing an interview, because they have scheduled none; not resolving a deficiency, because they have identified none. Whatever excuse existed under PM-602-0193 is gone. The relief sought displaces no competing agency priority of comparable weight, requiring only the scheduling of an interview and the adjudication of two complete applications.

59. This delay will not end on its own. In the ordinary delay case the passage of time eventually produces the decision. Here the only date that governs is the date the benefit disappears, and every day that elapses is a day Defendants cannot recover and Plaintiffs cannot replace.

60. Defendants' failure to adjudicate constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

**COUNT III**

**Arbitrary and Capricious Agency Action, 5 U.S.C. § 706(2)**

**(Challenge to Policy Memorandum PM-602-0193 as Applied, Pleaded in the Alternative)**

61. Plaintiffs reallege and incorporate by reference each preceding paragraph. Plaintiffs plead this Count in the alternative only. The vacatur entered in *Medani v. Trump* on August 28, 2026 removed PM-602-0193 as an obstacle to these applications before they were filed. This Count is pleaded solely in the event that vacatur is stayed, reversed, modified, or held not to reach Plaintiffs, in which event PM-602-0193 would operate to extinguish their eligibility without adjudication.

62. The APA directs a reviewing court to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that is in excess of statutory authority or limitations. 5 U.S.C. § 706(2)(A), (C). PM-602-0193 is final agency action: it consummates the agency's decision-making on whether to adjudicate Diversity Visa adjustment applications and determines rights and obligations, because it forbids any decision on an application such as Plaintiffs'.

63. PM-602-0193 is contrary to law and arbitrary and capricious. It suspends indefinitely the adjudication of a benefit Congress provided must be obtained, if at all, within a single fiscal year, and an agency may not adopt a policy whose necessary operation is to defeat the statutory scheme it administers. It offers no reasoned explanation for applying a categorical hold rather than individualized review to applications subject to statutory expiration, does not acknowledge that the hold will extinguish the eligibility of every selectee it touches, fails to consider the reliance interests of applicants already selected and already paid, and prescribes no endpoint, no

criteria for lifting, and no mechanism by which an applicant facing imminent expiration may obtain relief. It operates with particular irrationality as to selectees whose rank numbers become current late in the fiscal year, converting the timing of a Visa Bulletin cut-off into a categorical bar on the benefit itself.

64. As applied to Plaintiffs, PM-602-0193 would operate as a denial of their applications without adjudication, without notice of the grounds, and without any opportunity for review of the merits. In that alternative event Plaintiffs are entitled to a declaration that the memorandum is unlawful as applied to applicants whose eligibility will expire during the hold period, and to an order setting it aside as to them.

**COUNT IV**

**Declaratory Judgment, 28 U.S.C. §§ 2201 through 2202**

65. Plaintiffs reallege and incorporate by reference each preceding paragraph.

66. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning Defendants' obligation to adjudicate Plaintiffs' applications before the expiration of the DV-2026 fiscal year. Plaintiffs are entitled to a declaration that Defendants' failure to adjudicate their Forms I-485 violates 5 U.S.C. §§ 555(b) and 706(1) and the duty imposed by 8 U.S.C. § 1255(a) and 8 C.F.R. § 245.2(a)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Assume jurisdiction over this action;

b. Declare that Defendants' failure to adjudicate Plaintiffs' Forms I-485 constitutes agency action unlawfully withheld and unreasonably delayed in violation of 5 U.S.C. §§ 555(b) and 706(1);

c. issue a writ of mandamus and injunction compelling Defendants to schedule and conduct any interview required on Plaintiffs' applications, to adjudicate Plaintiff Karyna Klochkova's Form I-485 (A-Number A231 674 374, Receipt No. MSC2690371412) and Plaintiff Oleksii Klochkov's Form I-485 (A-Number A231 674 372, Receipt No. MSC2690371413), and to serve written notice of each decision upon Plaintiffs on or before September 25, 2026, and in no event later than September 29, 2026;

d. In the alternative, and only in the event the vacatur entered in *Medani v. Trump* is stayed, reversed, modified, or held not to reach Plaintiffs, declare that Policy Memorandum PM-602-0193 is unlawful as applied to applicants whose statutory eligibility will expire during the hold period, and set it aside as to Plaintiffs;

e. Retain jurisdiction to ensure compliance and order Defendants to file a status report certifying adjudication within twenty-four hours of the ordered deadline;

f. Award Plaintiffs their costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

g. Grant such other and further relief as this Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

__/s/ Igor Harris____________________________
Igor Harris (CA SBN 335884)
Attorney for Plaintiffs (*Pro Hac Vice Application Pending*)

_/s/ Rebecca Swaintek-Green_______________
Rebecca Swaintek-Green, Esq.
Attorney for Plaintiff (Local Counsel)